
# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON

**STATE OF TENNESSEE v. ANTHONY LEON MOORE**

**Appeal from the Circuit Court for Madison County**
**No. 00-134   Donald H. Allen, Judge**

_____

**No. W2016-01442-CCA-R3-CD**

_____

The pro se Appellant, Anthony Leon Moore, appeals the Madison County Circuit Court's dismissal of his motion to correct illegal sentence.  The State has filed a motion requesting that this court affirm the lower court's denial of relief pursuant to Rule 20 of the Rules of the Court of Criminal Appeals.  Because the Appellant has failed to establish that his sentences are illegal, we conclude that the State's motion is well-taken. Accordingly, we affirm the summary dismissal of the motion.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed Pursuant to Rule 20 of the Rules of the Court of Criminal Appeals**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the Court, in which ALAN E. GLENN and CAMILLE R. MCMULLEN, JJ., joined

Anthony Leon Moore, Tiptonville, Tennessee, pro se.

Herbert H. Slatery III, Attorney General and Reporter; Caitlin Smith, Assistant Attorney General; Jerry Woodall, District Attorney General; and Alfred Earls, Assistant District Attorney General, for the appellee, State of Tennessee.

**MEMORANDUM OPINION**

In 2000, the Appellant was convicted by a Madison County jury of aggravated robbery and aggravated burglary for breaking into a man's motel room and robbing him at gunpoint. The Appellant's convictions and effective twenty-five-year sentence were affirmed by this court on direct appeal, and our supreme court denied his application for permission to appeal. *See State v. Anthony Leon Moore*, No. W2000–02862–CCA–R3–CD, 2002 WL 1482667, at *1 (Tenn. Crim. App. Feb.11, 2002), *perm. app. denied*

(Tenn. July 8, 2002). The Appellant subsequently filed a petition for post-conviction relief which was denied by the post-conviction court. This court affirmed the denial of the petition and our supreme court once again denied the Appellant's application for permission to appeal. *See Anthony Leon Moore v. State*, No. W2004–02039–CCA–R3–PC, 2005 WL 2205847, at *1 (Tenn. Crim. App. Sept.12, 2005), *perm. app. denied* (Tenn. Feb. 6, 2006).

On March 3, 2016, the Appellant filed a motion to correct an illegal sentence alleging that his aggravated burglary conviction was "in direct contravention of [the] express statutory provisions" of Tennessee Code Annotated section 39–11–109, "Prosecution under more than one (1) statute," which provides in pertinent part:

(a) When the same conduct may be defined under both a specific statute and a general statute, the person may be prosecuted under either statute, unless the specific statute precludes prosecution under the general statute.

(b) When the same conduct may be defined under two (2) or more specific statutes, the person may be prosecuted under either statute unless one (1) specific statute precludes prosecution under another.

Tenn. Code Ann. § 39-11-109. The Appellant argued that the statute prohibited his dual convictions for aggravated burglary and aggravated robbery because "the specific statute of aggravated robbery and general statute of aggravated burglary" involve the "same conduct relevant to one victim, Mr. Larry Felts, and arising from the same criminal transaction/episode." On June 30, 2016, the trial court entered an order summarily dismissing the petition on the grounds that the sentences were not illegal and that the separate convictions for aggravated robbery and aggravated burglary do not violate double jeopardy.

Rule 36.1 permits a defendant to seek correction of an unexpired *illegal* sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015) (emphasis added). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a). The meaning of "illegal sentence" as defined in Rule 36.1 was interpreted to mean that the definition "is coextensive, and not broader than, the definition of the term in the habeas corpus context." *State v. Wooden*, 478 S.W.3d 585, 594-95 (Tenn. 2015). Our supreme court reviewed the three categories of sentencing errors: clerical errors (those arising from a clerical mistake in the judgment sheet), appealable errors (those for which the Sentencing Act specifically provides a right of direct appeal) and fatal errors (those so profound as to render a sentence illegal and void). *Id.* Fatal errors are "sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where

early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id*. The court held that only fatal errors render sentences illegal. *Id*.

While the Appellant claims that his sentences are illegal, his motion attacks the factual bases of his convictions. In effect, the Appellant argues that by convicting him of aggravated robbery and aggravated burglary, he has been convicted twice for the same action in violation of double jeopardy. This is not a cognizable claim for relief under Rule 36.1. We therefore conclude that the trial court's summary dismissal of the petition was proper. It is well-established in Tennessee that the relief embodied by Rule 36.1 of the Tennessee Rules of Criminal Procedure is limited in scope and may only be invoked where the sentence of the defendant is illegal.

When an opinion would have no precedential value, the Court of Criminal Appeals may affirm the judgment or action of the trial court by memorandum opinion when the judgment is rendered or the action taken in a proceeding without a jury and such judgment or action is not a determination of guilt, and the evidence does not preponderate against the finding of the trial judge. *See* Tenn. Ct. Crim. App. R. 20. We conclude that this case satisfies the criteria of Rule 20. Accordingly, it is ordered that the State's motion is granted. The judgment of the trial court is affirmed in accordance with Rule 20, Rules of the Court of Criminal Appeals.

_____
JOHN EVERETT WILLIAMS, JUDGE